UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JERRAVONDIA FOWLER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-516-SDD-SDJ** |
| **BILFINGER INC., et al.** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have **14 days** after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations **within 14 days** after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on March 7, 2024.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JERRAVONDIA FOWLER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-516-SDD-SDJ** |
| **BILFINGER INC., et al.** | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is a Motion to Remand (R. Doc. 11) filed by Plaintiff Jerravondia Fowler on September 8, 2023. Defendant Bilfinger Inc. opposes this Motion (R. Doc. 20). For the reasons set forth below, the Court recommends that Plaintiff's Motion to Remand (R. Doc. 11) be granted. Bilfinger has not established that this Court has subject matter jurisdiction under 28 U.S.C. § 1332.

**I.    BACKGROUND**

Plaintiff filed this cause of action on June 2, 2023, in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, against the following Defendants: her former employer, Bilfinger Inc.;[1] a work colleague, Adrian Davis; and ABC Insurance Company, Bilfinger's insurer.[2] Plaintiff's claims arise from an alleged incident that occurred on or about June 10, 2022, during which Davis made unwanted sexual advances toward Plaintiff.[3] On July 6, 2023, Bilfinger removed this case to federal court based on diversity jurisdiction (R. Doc. 1).[4]

In its Notice of Removal, Bilfinger asserts that diversity jurisdiction exists because the amount in controversy is met, given Plaintiff's claim for back pay, and that all properly joined

---
[1] The Court notes that Plaintiff named both Bilfinger Incorporated and Bilfinger Inc. as Defendants, both listed as Defendant Adrian Davis's employer. R. Doc. 1-2 at 4 ¶¶ I.A., I.C.
[2] R. Doc. 1-2 at 4 ¶ I.D., 8 ¶ XVIII.
[3] R. Doc. 1-2 at 5 ¶ III-IV.
[4] The Court notes that Defendant Davis has not yet made an appearance in the case.

parties are completely diverse.[5] Specifically, Plaintiff is a citizen of Louisiana, while Bilfinger (a corporation) is a citizen of both Delaware and Texas. And although Davis is a Louisiana citizen like Plaintiff, Bilfinger argues that he is improperly joined.[6] Following removal, Plaintiff filed the instant Motion to Remand (R. Doc. 11).

## II. LAW AND ANALYSIS

### A. Removal Standard

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). In removed actions, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court. *Coury v. Prot*, 85 F.3d 244, 248-249 (5th Cir. 1996). The removing party has the burden of proving federal diversity jurisdiction. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003). The removal statute is strictly construed, and any doubt as to the propriety of removal should be resolved in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

---

[5] R. Doc. 1 at 3-4, 7-9.
[6] R. Doc. 1 at 4-7.

### B. Timeliness of Motion to Remand

As an initial matter, the Court first turns to Bilfinger's argument that Plaintiff's Motion to Remand is untimely. As mandated by 28 U.S.C. § 1447(c), "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." Here, Bilfinger filed its Notice of Removal on July 6, 2023, with Plaintiff filing her Motion to Remand on September 8, 2023, more than 30 days after Bilfinger filed its Notice of Removal. As argued by Plaintiff, "Defendants improperly filed a deficient notice of removal and did not notify Plaintiff's Counsel," meaning her Motion to Remand "is timely."[7] Bilfinger, in response, argues that by filing late, Plaintiff has waived any arguments regarding any defect in procedure by Bilfinger in removing the case.[8]

However, the Court need not reach this issue here. According to the Fifth Circuit, "all removal defects are waivable except for lack of original subject matter jurisdiction." *In re Digicon Marine, Inc.*, 966 F.2d 158, 160 (5th Cir. 1992). As set forth below, the Court finds that it lacks subject matter jurisdiction over this matter. The timeliness of Plaintiff's Motion to Remand, therefore, is irrelevant to the Court's ruling on the Motion.

### C. Improper Joinder and Complete Diversity

"Ordinarily, diversity jurisdiction requires complete diversity—if any plaintiff is a citizen of the same State as any defendant, then diversity jurisdiction does not exist." *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016). But, if the plaintiff improperly joins a non-diverse defendant, then the court may disregard the citizenship of that defendant, dismiss them from the litigation, and exercise subject matter jurisdiction over the remaining diverse defendant. *See Williams v. Homeland Ins. Co. of N.Y.*, 18 F.4th 806, 810 n. 5 (5th Cir. 2021) ("[T]he proper

---

[7] R. Doc. 11-1 at 4.
[8] R. Doc. 20 at 1-2.

mechanism of handling an improperly joined party is to dismiss it, not send it to another court to decide the merits."). "The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004). The Fifth Circuit has "recognized two ways to establish improper joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Id.* at 573, quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003). Here, it is undisputed that both Plaintiff and Defendant Davis are both Louisiana citizens.[9] The question, then, is whether Plaintiff sufficiently has established a cause of action against Davis. Plaintiff claims in her Motion to Remand that "[t]he theory of liability pled against Defendant Davis is one of intentional tort"[10] occurring during the course and scope of her employment.[11]

"In Louisiana, an employee may not sue his employer in tort for non-intentional injuries sustained during the course and scope of employment." *Faust v. Greater Lakeside Corp.*, 1998-2853 (La.App. 4 Cir. 9/12/01), 797 So.2d 748, 752 (citations omitted). Under the Louisiana Workers' Compensation Act, an employee's exclusive remedy against his employer and any co-workers for personal injuries sustained during the course and scope of employment is ordinarily

---

[9] The Court notes that Plaintiff alleges in her Motion to Remand that Defendant Bilfinger "is a domestic construction company" with a "principal place of business located" in Broussard, Louisiana. R. Doc. 11 at 2. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008). However, in its Notice of Removal, Bilfinger, a corporation, asserts that it is incorporated in the State of Delaware, with its principal place of business in Deer Park, Texas. R. Doc. 1 at 3-4. In support of its assertions, Bilfinger attaches a copy of its listing with the Louisiana Secretary of State to its Notice of Removal. *See* R. Doc. 1-4. As such, the Court finds that Bilfinger is a citizen of Delaware and Texas for the purposes of determining diversity jurisdiction. In its Opposition, Bilfinger argues that Plaintiff fraudulently asserted that Bilfinger was a non-diverse party. R. Doc. 20 at 3. The Court disagrees. Bilfinger has neither alleged that Plaintiff made this assertion with the intent to defraud Bilfinger, nor has it pleaded its fraud allegation with the particularity required by the Fifth Circuit. *See Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997). As such, the Court finds this argument without merit.
[10] R. Doc. 11-1 at 2.
[11] R. Doc. 1-2 at 5 ¶ III.

limited to recovering workers' compensation benefits rather than tort damages. La. R.S. §§ 23:1031 & 1032(A)(1)(a); *Bazley v. Tortorich,* 397 So.2d 475, 479–80 (La.1981). However, this immunity from tort actions does not apply when the employee's injuries are the result of an intentional act. La. R.S. § 23:1032(B); *Faust*, 797 So. 2d at 752. In such instances, the Act does nothing to affect or shield the liability of an employer or co-employee. The Louisiana Supreme Court has stated that an act is considered intentional whenever it is shown that the defendant either "consciously desire[d]" the physical results of his conduct or was "substantially certain" that those physical results would follow from his actions. *Bazley,* 397 So.2d at 481. It also noted that an "intentional tort" has the same meaning as the term "intentional act." *Id.* at 480.

Louisiana courts and courts in this Circuit have repeatedly characterized sexual assault and/or sexual harassment as intentional acts. *See Am. States Ins. Co. v. Natchez Steam Laundry*, 131 F.3d 551, 554 (5th Cir. 1998) (finding that the allegations that plaintiff "acted intentionally" in committing sexual harassment were "unequivocal"); *Johnson v. LaShip*, LLC, No. 16-570, 2018 WL 2735486, at *6 (E.D. La. Jun. 7, 2018) (finding that plaintiff's complaint alleges intentional tort of sexual battery); *Pelitire v. Rinker*, 18-501 (La.App. 5 Cir. 4/17/19), 270 So.3d 817, 830 (noting that claims for sexual assault and battery "involve intentional torts"); *Doe v. Breedlove*, 2004-00006 (La.App. 1 Cir. 2/11/05), 906 So.2d 565, 575 (recognizing that the tort of sexual assault "must still be considered intentional"); *Belsom v. Bravo*, 94-876 (La.App. 5 Cir. 4/25/95), 658 So.2d 1304, 1308 ("[N]ot only is the act of sexual assault intentional as a matter of law, but the resulting harm is also considered intentional as a matter of law.").

In her Complaint, Plaintiff alleges that on June 10, 2022, when plaintiff entered the 400 unit at Famosa Plastics "to place her name on the sign in sheet," Davis "walk[ed] up behind the

plaintiff and put[] … his erected penis body part against the back of the plaintiff buttock."[12] Plaintiff alleges she asked Davis to stop, moved away, and turned around, at which point "the defendant then took his hand and grabbed [her] private area from the back of [her], going under and between your petitioner's legs and grabbing the petitioner's vagina."[13] Plaintiff later restates that Davis "without petitioner's consent pinned petitioner buttock against his erected private area from behind, then grabbing her from between petitioner's legs and started caressing her body while moaning and groaning and making lascivious sounds."[14] Based on these allegations, the Court finds that Plaintiff has presented "specific factual allegations" supporting a finding that Davis was substantially certain that Plaintiff's alleged damages would result from the alleged conduct. *See Williams v. Syngenta Corp.*, No. 15-644, 2016 WL 807762, at *8 (M.D. La. Feb. 3, 2016). Similarly, the Court finds that, based on Plaintiff's allegations, Plaintiff does not appear limited to recovery under the Act based on Davis's alleged intentional acts.

The Court now turns to Bilfinger's argument that "Fowler's exclusive state remedy for her intentional tort – hostile work environment claim is under the LEDL [Louisiana Employment Discrimination Law]."[15] Bilfinger further claims that "intentional sexual torts inflicted upon employees in the workplace fall under the more specific LEDL, and do not give rise to general tort liability."[16] Per Bilfinger, because "the LEDL does not provide for individual liability, Fowler cannot recover against Davis for sexually harassing her or creating a hostile work environment."[17] Thus, Bilfinger argues, because Plaintiff cannot recover against Davis, he is improperly joined.

---

[12] R. Doc. 1-2 at 5 ¶ III.
[13] *Id.* at ¶ IV.
[14] *Id.* at 6 ¶ X.
[15] R. Doc. 20 at 5 (emphasis omitted). The Court notes that the Parties do not dispute that the incident happened within the course and scope of Plaintiff's employment.
[16] *Id.* at 4 (emphasis omitted).
[17] *Id.* at 6.

The LEDL provides the exclusive remedy in state law for claims by employees against employers for retaliation and/or employment discrimination. *Thomas v. United Rentals, Inc.*, No. 21-510, 2022 WL 17834073, at *8 (Aug. 9, 2022). In addition, "[i]t is well established that the LEDL does not provide a cause of action against co-workers or other individual employees, only against employers." *Johnson v. C. H. Wilkinson Physician Network*, No. 17-534, 2017 WL 3425799, at *4 (W.D. La. Jul. 17, 2017), *report and recommendation adopted*, 2017 WL 3403665 (W.D. La. Aug. 7, 2017) (citations omitted).

Here, Plaintiff alleges in her Complaint that she suffered "sexual assault, sexual harassment and battery" and experienced a "hostile and unsafe work environment" while "within the course and scope" of her employment.[18] Thus, Plaintiff makes claims in addition to those for sexual harassment and hostile work environment; she also specifically alleges sexual assault and battery. None of the cases cited by Bilfinger indicate that sexual assault allegations are subject to the LEDL. *See Jackson v. Country Club of La., Inc.*, 20-452, 2021 WL 261538, at *7 (M.D. La. Jan. 26, 2021) (finding employment discrimination/retaliation claims could not be maintained under general Louisiana Civil Code articles); *Hornsby v. AlliedSignal, Inc.*, 961 F. Supp. 923, 930 (M.D. La. 1997) (denying motion to remand, finding manager who could not be liable under Article 2320 improperly joined); *Johnson*, *supra*, 2017 WL 3425799, at *4 (finding co-employees improperly joined because they could not be held liable for disability discrimination against plaintiff under the LEDL because they were individual employees); *Senegal v. Suddenlink Commc'ns*, No. 14-3447, 2016 WL 595482, at *4 (W.D. La. Feb. 11, 2016) (dismissing claims arising under La. Civil Code arts. 2315, 2316, 12317, and 2329, noting "courts have found that under Louisiana law, there is no general tort liability for employment discrimination"). And the Court is aware of none. Further,

---

[18] R. Doc. 1-2 at 5-6 ¶¶ II, III, and V.

Bilfinger, in its Opposition, states only that because "the LEDL does not provide for individual liability, Fowler cannot recover against Davis for sexually harassing her or creating a hostile work environment."[19] Nowhere does Bilfinger even argue that the LEDL precludes claims for sexual assault and battery against Davis.

As such, not all of Plaintiff's claims, if any, are subsumed in the LEDL, meaning a cause of action against Davis is viable. *See Harris v. Hill*, No. 21-1280, 2021 WL 3236356, at *6 n. 9 (W.D. La. Jul. 14, 2021) (finding that although plaintiff failed to state a claim against employee Hill for sexual harassment, her "state law tort claim against [him] for sexual assault remains pending"). As Davis is a non-diverse Defendant, the requirements of 28 U.S.C. § 1332 have not been met. Keeping in mind the requirement that any doubt as to the propriety of removal should be resolved in favor of remand, *see Manguno*, 276 F.3d at 723, the Court finds that Bilfinger has not met its burden of proving federal diversity jurisdiction and recommends remand of this matter to state court. *See Garcia*, 351 F.3d at 638.

## III. CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's Motion to Remand (R. Doc. 11) be **GRANTED** and that this matter be **REMANDED** to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

Signed in Baton Rouge, Louisiana, on March 7, 2024.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[19] R. Doc. 20 at 6.